IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| E.S.R., *a minor, who sues by and through his mother and next friend*, BREANDA MCCRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | 2:04-cv-01197-B<br>[WO] |

## MEMORANDUM OPINION AND ORDER

Breanda McCray ("McCray") applied for supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, on behalf of her minor son, E.S.R. ("ESR"), who is now nine years old. Following an administrative denial of his application, ESR received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). This judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c). After careful scrutiny of the record and briefs, the court concludes that the Commissioner's decision should be affirmed.

### I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). The Commissioner's decision must be considered conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v.*

*Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Because substantial evidence is "more than a scintilla," *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987), it "must do more than merely create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). The court must examine the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Only seven years old at the time of the February 12, 2004 hearing, ESR was in the first grade, enrolled in regular classes and attended speech therapy. ESR claimed disability due to speech problems and uncontrollable bowels. Predictably, he has not engaged in substantial gainful work. The ALJ concluded that the evidence supported both *phonological disorder* and *probable borderline intellectual functioning vs. low average intellectual functioning*– as "medically determinable severe impairments". However, the ALJ found that ESR suffered no "impairment or combination of impairments that meets or medically or functionally equals in severity one set forth in the Listing of

Impairments".

The child's mother testified during the hearing and her allegations were deemed "not fully credible". The ALJ found that the child's impairments did not result in "marked and severe" functional limitations. Accordingly, he concluded that ESR was not disabled within the meaning of the Social Security Act.[1]

### III. ISSUES

Contrary to this court's explicit instructions, McCray does not set forth a "Statement of the Issues" but identifies in the body of his brief two issues for judicial review:

1. The ALJ committed reversible error by not obtaining testimony from a medical expert with respect to the issue of whether Plaintiff medically equaled Listing 112.05D;[2] and

---

[1] R. 16, 23-25. The ALJ's disability analysis followed the three-step sequential evaluation process applicable for childhood disability cases set forth in 20 C.F.R. §§ 404.1382c and 416.924 and summarized in *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1278-79 (11th Cir. 2004):

> The process begins with the ALJ determining whether the child is 'doing substantial gainful activity' in which case she is considered 'not disabled' and is ineligible for benefits. 20 C.F.R. §416.924(a),(b). The next step is for the ALJ to consider the child's 'physical and mental impairments' to determine if she has an 'impairment or combination of impairments that is severe'. *Id.* §§416.924(a)(c)...For an applicant with a severe impairment, the ALJ next addresses whether the impairment 'causes marked and severe functional limitations' for the child. 20 C.F.R. §§416.924(b), 416.924(d). Limitations arising from pain count in this determination. *Id.* §416.924(a)...A child's impairment is recognized as causing 'marked and severe functional limitations' if those limitations 'meet[], medically equal[], or functionally equal[] the Listings.' Id. §416.911(b)(1); *see also* §§416.902, 416.924(a)...Assuming that the limitations stemming from a child's severe impairment meet, medically equal, or functionally equal the limitations specified in the Listings, the ALJ concludes by ensuring that the impairment 'meets the duration requirement' specified in the federal regulations. Id. §416.924(a). This 'duration requirement' is that the impairment must 'be expected to cause death or...has lasted or can be expected to last for a continuous period of not less than 12 months.' 20 C.F.R. §416.906; *see also* 20 C.F.R. §416.909.

[2] While this specified issue challenges the ALJ's assessment of whether ESR's impairments
(continued...)

2.      The ALJ committed reversible error by failing to provide any analysis or explanation as to the weight given Plaintiff's mother's testimony.[3]

**Plaintiff's counsel is advised that hereafter similar non-compliance with this court's order will result in rejection of the brief.**

## IV. DISCUSSION

### A. Consideration of Listing §112.05D for Mental Retardation

Challenged is the ALJ's step-three determination that ESR's impairments, singularly or in combination, do not meet or medically equal in severity one set forth in the Listing of Impairments:

> I must now determine whether the claimant's impairments resulted in "marked and severe" functional limitations. The first issue in this inquiry is whether the impairments, singularly or in combination, meet or medically equal in severity one set forth in the Listing of Impairments. No medical expert or treating or examining source has so concluded. In addition, I have reviewed the record and find that the evidence does not support such a conclusion.[4]

#### 1. Burden of Proof

A child's impairment causes "marked and severe functional limitations" if those limitations meet, medically equal or functionally equal the Listings. 20 C.F.R. §416.924. To claim the presumption of disability available for a severe impairment described in the Listing of Impairments,

---

[2](...continued)
medically equal Listing §112.05(D), the plaintiff's brief also challenges the ALJ's assessment of whether the child's impairments meet Listing §112.05(D). It appears that ESR presented to the ALJ only his contention that his impairments functionally equal the Listings and not the claim now asserted that they either meet or medically equal Listing §112.05(D). (R. 35-36, 50). Nor is this contention presented at all in the requested review submitted to the Appeals Council. (R.11, 174).

[3]Plaintiff's Memorandum Brief at 5, 9 ("*Pl.'s Br.*") (Doc. 13, filed June 3, 2005).

[4]R. 23.

20 C.F.R. Part 404, Appendix 1 to Subpart P, the claimant has the burden of proof to establish that his condition (a) falls within this Listing of Impairments and (b) satisfies both the medical and durational requirements specified for the particular impairment listed. As the Court emphasized in *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990):

> Each impairment [in the Listings] is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.[5]

In order to equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings. The claimant must present medical evidence which describes how the impairment has such equivalency. S*ee Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660 (11th Cir. 1987); *see also* 20 C.F.R. §416.926.

As defined in Listing §112.05, "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied." Listing §112.05(D) sets these severity requirements:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.

### 2. Analysis

---

[5]"Diagnosis of a listed impairment is not alone sufficient; the record must contain corroborative medical evidence supported by clinical and laboratory findings." *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *see Wilkinson on Behalf of Wilkinson v. Bowen,* 847 F.2d 660, 662 (11th Cir. 1987); *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986); *see also* 20 C.F.R. §416.925.

As support for his claim of presumptive disability for mental retardation under Listing §112.05(D), ESR points to his September 12, 2002 psychological evaluation by Dr. Robin O'Hearn, who assessed his Verbal IQ of 63 and Full Scale IQ of 67 and the ALJ's finding that he suffers from a phonological disorder as a severe impairment.

The Commissioner does not dispute that the ALJ's finding of an additional severe impairment for ESR satisfies the second prong of the Listing, but argues that notwithstanding Dr. O'Hearn's IQ assessment, the doctor nevertheless "stated on more than one occasion that she believed that Plaintiff's verbal and full scale IQ scores were artificially low due to Plaintiff's reluctance to use speech" and "recommended that Plaintiff receive a language assessment".[6]

Unbeknownst to Dr. O'Hearn, the record included a speech and language assessment completed approximately one month prior. On August 27, 2002, Jacquelyn Hathcock-Giddens, M.Ed., CCC-SLP completed a speech/language evaluation and assessed that ESR suffered from a severe receptive and expressive language disorder.[7] Challenged is the ALJ's consideration of both the IQ scores and the speech/language evaluation. "[B]ecause there is no evidence in the record that the two sets of testing were ever reconciled", ESR contends that the "ALJ's conclusion that [his] impairments do not meet or medically equal Listing 112.05D is flawed".[8]

Acknowledged is the opinion of Dr. Frank J. Nuckols, a State agency psychiatrist, that ESR's

---

[6] Memorandum in Support of the Commissioner's Decision at 12 ("*Def.'s Br.*")(Doc. 14, filed June 30, 2005).

[7] R. 155-158.

[8] *Pl.'s Br.* at 7.

6

impairments do not meet or medically equal a listed impairment.[9] Suggesting the impropriety of a psychiatrist in assessing the scores, ESR argues that "there is no indication in the record that the state agency psychiatrist who reviewed this record was able to properly interpret and reconcile the test scores, which in both cases were obtained by licensed psychologists."[10]  Thus, ESR deems necessary "testimony from a <u>psychological</u> Medical Expert" to reconcile the test scores in the record.[11]  As correctly noted by the Commissioner, ESR cites to no authority to support this requirement, and after diligent research, this court cannot locate any statute, regulation or caselaw that establishes any requirement that a psychologist rather than a psychiatrist interpret IQ testing results.

Whether an impairment meets or medically equals a Listing is in the province of the ALJ. See 20 C.F.R. §416.926(d).  While the ALJ is not bound by findings made by State Agency medical and psychological consultants,  the ALJ may not ignore these opinions.  See SSR No. 96-6p.  In making an equivalency determination, the ALJ may properly rely on the opinion of non-examining physicians who reviewed the medical evidence and the regulations. *Wilkinson,* 847 F.2d at 662; *see Nettles v.  Apfel*, 64 F. Supp. 2d 1170 (M.D. Ala. 1999)(ALJ not required to obtain additional medical expert assistance to determine whether equaled listing since ALJ properly relied on State agency psychologist who reviewed case and determined condition did not meet or equal any listed impairment).

Evident on this record is Dr. Nuckol's consideration of both the IQ testing and the

---

[9]R. 165.

[10]*Pl.'s Br.* at n. 2.

[11]*Pl.'s Br.* at 8 (emphasis in original).

7

speech/language evaluation and his conclusion that ESR's impairments do not meet or medically equal a listed impairment.[12] The ALJ gave "considerable weight" to Dr. Nuckols' opinions, noting the doctor's status as a "disability program medical expert[]" and found that these opinions "are supported by records and reports obtained from the claimant's treating and examining doctors".[13] The ALJ properly considered these opinions and substantial evidence supports the ALJ's step three assessment. Accordingly, remand is not warranted on this claimed error.

### B.   Credibility Determination

ESR claims reversible error for the ALJ's failure to provide the reasons for his determination that McCray's testimony was not fully credible. ESR contends that his mother's testimony "supports the evidence in the record that [he] has a severe speech problem, which may or may not impact upon his overall IQ".[14] Any failure to provide a detailed discussion of the ALJ's credibility analysis is "harmless error", responds the Commissioner, because "even if the testimony of Plaintiff's mother were taken as fully credible, Plaintiff would not have a marked limitation in more than one domain."[15] The court agrees.

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote*, 67 F.3d at 1561-62; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb

---

[12]R. 164-171.

[13]R. 24.

[14]*Pl.'s Br.* at 11.

[15]*Def's Br.* at 14.

a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowman,* 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir. 1986). As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote,* 67 F.3d at 1561-62; *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ summarized the mother's hearing testimony.[16] The ALJ explicitly deemed McCray's testimony regarding her son's impairments and functional limitations as "not fully credible".[17] While McCray testified during the hearing concerning her son's speech problems, including his frustrations with other's inability to understand him, and her son's enrollment in speech therapy, this does not compel a finding that ESR suffers from a severe speech impairment. Regardless, the ALJ concluded that ESR's phonological disorder was a severe impairment. Furthermore, to the extent that parental testimony indicated any functional limitations, such testimony does not dictate a finding that ESR has a marked limitation in two domains or an extreme limitation in one domain to functionally equal a listed impairment.

ESR merely attempts to weigh the evidence and draw his own conclusions about the opinions expressed by the hearing testimony. While ESR may disagree with the manner in which the ALJ took account of the evidence, the court cannot reweigh the evidence. *Sewell v. Bowen,* 792 F. 2d 1065, 1067 (11th Cir. 1986). Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart,* 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004); *see also Carnes*

---

[16] R. 22.

[17] R. 24.

*v. Sullivan*, 936 F. 2d 1215, 1219 (11th Cir. 1991) ("the credibility of witnesses is for the Secretary to determine, not the courts"). Consequently, remand is not dictated.

## V. CONCLUSION

For the reasons explained in this *Memorandum Opinion*, the court concludes that the ALJ's decision is supported by substantial evidence and proper application of the law, and therefore, **it is ORDERED** that the decision of the Commissioner be **AFFIRMED**.

A separate judgment will be entered.

DONE this 23rd day of February, 2006.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE